IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**TED JAMES JOHNSON, JR.,**

 Petitioner,

v.              **CIVIL ACTION NO. 2:15-CV-83
                 (BAILEY)**

**WARDEN JENNIFER SAAD,**

 Respondents.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert [Doc. 18]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Seibert for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Seibert filed his R&R on September 27, 2016, wherein he recommends this Court dismiss the petitioner's § 2241 petition with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo*

1

review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). Petitioner timely filed his Objections [Doc. 20] on October 12, 2016. Accordingly, this Court will review the portions of the R&R to which the petitioner objects under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## **Background**[1]

Petitioner finds himself incarcerated after a jury found him guilty of several conspiracy, money laundering, embezzlement, and other associated mail fraud, wire fraud, and securities fraud counts stemming from a Ponzi scheme that pooled and traded investor funds in the commodities and futures markets. This petitioner was not convicted nor sentenced in this District, but rather in the Western District of Virginia. His direct appeal was denied. His petition for writ of *certiorari* was denied. His two § 2255 challenges have been denied. His certificates of appealability were denied. His petition to file a second or successive § 2255 motion under § 2244 was denied. He has now filed a § 2241 in this District seeking relief. Although the petitioner's various methods of attack have evolved over time, his failed arguments remain unchanged. His main argument asserts that pursuant to the Fourth Circuit's decision in *United States v. Simmons*, 737 F.3d 319 (4th Cir. 2013), he is innocent of all counts of money laundering because an accused cannot

---

[1] The procedural history is beautifully laid out over five pages in the R&R [Doc. 18 at pp. 2-6].

2

be convicted of money laundering while paying out expenses of an alleged Ponzi scheme. Petitioner's reliance on **Simmons**, however, is misplaced. For the reasons that follow, this Court finds that the petitioner is entitled to no relief.

## Discussion

The law is clearly developed that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate of ineffective. ***In re Vial***, 115 F.3d 1192, 1194 (4th Cir. 1997). Moreover, in ***Jones***, the Fourth Circuit held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

***In re Jones***, 226 F.3d 328, 333-334 (4th Cir. 2000).

Therefore, the remedy provided under § 2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under § 2241. Based on the language in ***Jones***, it is clear the Fourth Circuit contemplated a situation in which a prisoner is imprisoned for an offense which is no longer a crime.

3

A § 2241 petition is used to attack the manner in which a sentence is executed. A § 2241 petition which challenges a federal conviction and sentence is properly construed as a § 2255 petition. The only exception to this is where a § 2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. For instance, such relief is available where a prisoner is imprisoned for an offense which is no longer a crime.

The R&R correctly notes that the petitioner fails to satisfy the *Jones* test [Doc. 18 at 13-22]. First, at the time of the conviction, the law establishing the legality of the conviction was unsettled. Petitioner was convicted four and a half months after *United States v. Santos*, 553 U.S. 507 (2008), was decided. Thus, the jury instructions at Johnson's trial defined "proceeds" as "profits." Further, at the time of his appeal, while the Fourth Circuit had yet to adopt a position on the issue in a published opinion, its opinion in *United States v. Howard*, 309 Fed.Appx. 760, 771 (4th Cir. 2009), held that *Santos* only applied to illegal gambling operations. At the same time, a five-way circuit split of "widely divergent" views emerged on the subject. *Id*. Accordingly, it is clear that the issue of law was unsettled at the time the petitioner was convicted. Therefore, he fails to meet the first prong of *Jones*.

The second prong of *Jones* requires the petitioner to show that "subsequent to the [petitioner's] direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the [petitioner] was convicted is deemed not to be criminal." *In re Jones*, 226 F.3d at 334. Petitioner again argues that in *United States v. Simmons*, 737 F.3d 319 (4th Cir. 2013), the Fourth Circuit "reversed itself" from the position it held in its

4

opinion on his appeal, holding that "the government is proscribed from a conviction of money laundering and a Ponzi scheme when the proceeds of the scheme were used to pay the expenses of the operation" and also "imposed an additional element of proof in its definition of a Ponzi scheme." [Doc. 1 at 9].

In ***Simmons***, the Fourth Circuit held that when a defendant charged with wire fraud for operating a Ponzi scheme, and with money laundering for making payments to investors in connection with the Ponzi scheme, the conviction for money laundering merged with the conviction for wire fraud, because the payments to investors constitute "essential expenses" for carrying out the Ponzi scheme. ***Simmons***, 737 F.3d at 328-29. In this case, the Fourth Circuit took the position that ***Santos*** was a fractured Supreme Court decision that resulted in a limited rule of law that did not extend to the petitioner's case. *See* ***United States v. Johnson***, 405 Fed.Appx. at 749. The Fourth Circuit noted that at trial on the money laundering charges, consistent with the limitation set out by the ***Santos*** majority, the district court instructed the jury that the term "proceeds" referred to the net profits of mail fraud, and that the expenses associated with the mail fraud were not proceeds. ***Id***. at 753. The Fourth Circuit further noted that the petitioner's verdict was likely "based on expert testimony indicating that Johnson's companies profited in 2002 as they defrauded investors out of more money than they repaid." ***Id***. Finally, it noted "the financial transactions that supported the [petitioner's] money laundering convictions involved criminally-derived proceeds of a completed offense, or at a minimum, a completed stage of an offense, as the funds at issue were obtained by Johnson through defrauding individual investors." ***Id***. at 751.

In reviewing the above, it is clear that the conspiracy to commit money laundering and substantive money laundering convictions are valid because the evidence at trial showed that they involved the "proceeds" of the Ponzi scheme, and **Santos** limits its holding that "proceeds" means "profits" only to an illegal gambling case. Thus, **Santos** is of limited application as the petitioner's conviction of money laundering only requires that the defendant agree to launder profits and the trial evidence showed this is what petitioner intended to do.

Finally, **Simmons** did not overrule petitioner's money laundering convictions because the Fourth Circuit has repeatedly held that if "'the financial transactions of the predicate offense are different from the transaction prosecuted as money laundering' no merger problem arises." **Simmons**, 737 F.3d at 324 (quoting **United States v. Halstead**, 634 F.3d 270, 279-80 (4th Cir. 2011)). Here, the funds at issue were obtained by Johnson through defrauding individual investors; therefore, the transactions supporting the laundering convictions involve criminally-derived proceeds of a completed offense. In sum, the crimes for which petitioner was convicted remain criminal offenses; accordingly, he cannot satisfy the second prong of **Jones**.

As a final matter, the Supreme Court has not held that **Simmons** is retroactively applicable to cases on collateral review. Because Johnson has not satisfied the requirements of § 2255's savings clause, he cannot "open the portal" to argue the merits of his claim. Therefore, this is an improperly filed § 2241 petition. Accordingly, the petitioner's Objections [Doc. 20] are **OVERRULED**.

## Conclusion

Therefore, upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 18]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. The petitioner's Objections **[Doc. 20]** are **OVERRULED**. The respondent's Motion to Dismiss **[Doc. 10]** is **GRANTED**. Accordingly, this Court **ORDERS** that the petitioner's § 2241 petition **[Doc. 1]** be **DENIED** and **DISMISSED WITH PREJUDICE**. This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** a certificate of appealability, finding that Mr. Johnson has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** October 25, 2016.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE